IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN B., LINDA B., and MATTHEW B.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA BEHAVIORAL HEALTH and INTEL CORPORATION MEDICAL BENEFIT PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:16-CV-00041-BSJ<br><br>District Judge Bruce S. Jenkins |

This matter came before the court for hearing on March 23, 2017. Brian S. King appeared on behalf of Plaintiffs John B., Linda B., and Matthew B. (collectively "B. Family"). James L. Barnett and Jack M. Englert appeared on behalf of Defendants Connecticut General Life Insurance Company and Cigna Behavioral Health, Inc. (collectively "Cigna") and Defendant Intel Corporation Medical Benefit Plan ("Plan").

Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the court finds that Cigna's decision to deny coverage of Matthew B.'s residential treatment at Island View Residential Treatment Center ("Island View") after March 6, 2013 was not arbitrary and capricious.

As such, Defendants' combined summary judgment motion is GRANTED.

## BACKGROUND

The Plan is a self-funded employee benefit plan sponsored by Intel Corporation. Cigna is the Plan's claims administrator. During the time period relevant to this case, Matthew B. was a covered dependent under the Plan.

In order for medical services to be covered under the Plan, such services must meet Cigna's guidelines for medical necessity. In the *Cigna Standards and Guidelines/Medical Necessity Criteria for Treatment of Behavioral Health and Substance Use Disorders* ("*Cigna Standards and Guidelines*"), the following "basic elements of medical necessity" are identified for residential mental health treatment for children and adolescents:

> [H]ealth care services that a Provider, exercising prudent clinical judgment, would provide to a patient for the purpose of evaluating, diagnosing or treating an illness, injury, disease or its symptoms, and that are:
>
> a) Required to meet the essential health needs of the patient;
>
> b) Consistent with the diagnosis of the condition for which they are required;
>
> c) Consistent in type, frequency and duration of treatment with scientifically-based guidelines as determined by medical research;
>
> d) Required for purposes other than the convenience of the provider or the comfort of the patient;
>
> e) Rendered in the least intensive setting that is appropriate for the delivery of health care.

Rec. 332.

In addition, the *Cigna Standards and Guidelines* identify criteria that children and adolescents, once admitted to a residential treatment facility, must meet for continued stay:

> 1. The individual continues to meet all basic elements of medical necessity.
>
> **One or more of the following criteria must be met:**
>
> A. The treatment provided is leading to measurable clinical improvements in acute symptoms and a progression towards discharge from the present level of care, but the individual is

2

not sufficiently stabilized so that he/she can be safely and effectively treated at a less restrictive level of care, OR

B. If the treatment plan implemented is not leading to measurable clinical improvements in acute symptoms and a progression towards discharge from the present level of care, there must be ongoing reassessment and, modification to the treatment plan, when clinically indicated, OR

C. The individual has developed new symptoms and/or behaviors that require this intensity of service for safe and effective treatment.

**All of the following must be met:**

D. The individual and family are involved to the best of their ability in the treatment and discharge planning process.

E. Continued stay is not primarily for the purpose of providing a safe and structured environment.

Rec. 336.

On February 1, 2013, Matthew B. was admitted to Island View. According to Island View's records, "Matt was admitted to Island View after he had shown increased difficulty with managing his emotions including refusing to go to school, threatening [his] mother, breaking objects around the house, engaging in little to no activities outside of the home, and only doing something if [his] parents would buy him something." Rec. 622.

On February 5, 2013, Island View contacted Cigna for Plan authorization for Matthew B.'s residential treatment at Island View. Cigna concluded that Matthew B. appeared to minimally meet the *Cigna Standards and Guidelines*, and Cigna approved coverage for seven days of residential treatment. Rec. 505. On February 7, February 18, and February 27, Cigna contacted Island View and on each occasion Cigna approved Matthew B. for additional days of residential treatment at Island View. Rec. 506-09.

On March 6, 2013, updated clinical information indicated that Matthew B. continued to have depression and anxiety but he presented "improved communication with [his] parents," was

3

"more active with some peers," and was no longer suicidal, homicidal, or psychotic. Cigna found

that Matthew B. could be safely maintained through outpatient treatment. Rec. 509-510. Cigna

determined Matthew B. no longer met the *Cigna Standards and Guidelines* for continued

treatment at Island View and denied coverage for such treatment after March 6. *Id.*

Island View requested a peer-to-peer telephone conference to discuss Cigna's

determination. Cigna referred Matthew B.'s case to Prest & Associates, Inc.—who in turn

referred the case to Dr. Kenneth Marks—to have an independent psychiatrist participate in the

telephone conference with Island View.

On March 7, 2013, after participating in the telephone conference with Island View, Dr.

Marks found as follows:

> In my opinion, the CIGNA Behavioral Health level of care
> guidelines for Continued Stay at Adolescent Mental Health
> Residential Treatment level of care are no longer met as of
> 03/07/13 as the patient did not display any type of risky or risk-
> taking behavior that was putting him or others at danger. He was
> displaying no type of behavior at that time that needed 24-hour
> care, supervision, observation, and containment. The patient could
> be treated at the mental health outpatient level of care from
> 03/07/13 and forward.
>
> . . .
>
> The treatment provided has led to sufficient stabilization of [the
> patient's] symptoms so that [he] can be safely and effectively
> treated at a less restrictive level of care.
>
> Less restrictive levels of care are available for safe and effective
> treatment.

Rec. 514. Later that day, Dr. Stuart Lustig, a Cigna on-staff psychiatrist, reviewed clinical notes,

the peer review discussion with Island View, and Dr. Marks' determination and found that he

was "in full agreement that medical necessity criteria are not met for [mental health residential

treatment]." Rec. 515.

4

Notwithstanding Cigna's denial of coverage, Matthew B. continued his treatment at

Island View and was not discharged until September 11, 2013, shortly before his eighteenth

birthday. Rec. 622.

On February 26, 2014, the B. Family submitted an appeal of Cigna's claim

determination. On March 7, 2014, Dr. Frederick Green, a Cigna on-staff psychiatrist, reviewed

the appeal and found as follows:

> Based upon the available clinical information received initially and
> with this appeal, your symptoms did not meet Cigna's Behavioral
> Health Medical Necessity Criteria for continued stay at Residential
> Mental Health Treatment for Children and Adolescents level of
> care from 03/07/2013 - 09/11/2013 as the treatment provided had
> led to sufficient stabilization of your symptoms so that you could
> be safely and effectively treated at a less restrictive level of care.
> You had not developed new symptoms and/or behaviors that
> required this intensity of service for safe and effective treatment.
> There was no new focused intervention proposed to address what
> appeared to be your ongoing reactivity to different environmental
> situations. Although it is acknowledged that you continue to show
> occasional opposition, there was not evidence that you continued
> to improve your ability to deal with frustration and that stability
> was largely determined by the structure of the environment. Your
> continued stay was primarily for the purpose of providing a safe
> and structured environment. Less restrictive levels of care were
> available for safe and effective treatment.

Rec. 519.

Following receipt of Cigna's appeal determination letter, the B. Family requested on July

7, 2014 an external review by an Independent Review Organization. Cigna forwarded the request

to MCMC, an Independent Review Organization, who assigned the review to Dr. Michael Cesta.

On July 15, 2014, Dr. Cesta submitted his independent review report, which found as

follows:

> Based on the clinical information, medical necessity would not be
> met for the residential level care on the dates in question. Firstly,
> the patient would not meet medical necessity for admission to the

residential level of care. On the specific dates in question there is no evidence that the patient was dangerous, violent, aggressive, suicidal, homicidal, psychotic, manic, or profoundly disabled. There's nothing to indicate that the patient's psychopharmacological and psychotherapeutic interventions could not have occurred in the exact same fashion an outpatient setting. There is nothing to indicate why the patient would require 24 hour monitoring to receive psychotherapy and medications. The patient was not dangerous, violent, or behaving a fashion that jeopardized himself or other people. The patient did not have severe comorbid diseases, getting treatment. There simply is no indication why 24-hour monitored environment is required to manage this patient's psychiatric illness which could be done in the home environment while he attends appropriate psychotherapy and other outpatient services. Therefore, medical necessity is not met.

Rec. 490.

On April 5, 2016, the B. Family filed a Complaint under 29 U.S.C. § 1132(a)(1)(B) seeking payment of benefits for Matthew B.'s treatment at Island View that were allegedly required under the Plan and that were allegedly inappropriately denied.[1]

## DISCUSSION

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[2] "If the plan does explicitly confer discretionary authority on an administrator . . . courts must review benefit determinations under an 'arbitrary and capricious' standard."[3]

As the parties agree, the Plan provides Cigna with discretionary authority to determine eligibility for benefits, and the appropriate standard of review for denial of benefits is thus abuse

---

[1] *See* Compl., filed April 5, 2016 (CM/ECF No. 2) at 8-9.

[2] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[3] *Geddes v. United Staffing All. Employee Med. Plan*, 469 F.3d 919, 923 (10th Cir. 2006) (citing *Chambers v. Family Health Plan*, 100 F.3d 818, 825 (10th Cir.1996)).

of discretion.[4] "Under the abuse of discretion, or arbitrary and capricious, standard, the denial 'decision will be upheld unless it is not grounded on any reasonable basis.'"[5] Indeed, "[t]he Administrator's decision need not be the only logical one or even the best one. It need only be sufficiently supported by facts within his knowledge to counter a claim that it was arbitrary or capricious."[6]

After reviewing the materials in the administrative record in light of this deferential standard of review, and after considering the arguments of counsel, the court determines that Cigna had sufficient reasonable basis for denying coverage of Matthew B.'s residential treatment at Island View after March 6, 2013. In order for Matthew B.'s continued treatment at Island View to qualify for coverage under the Plan, such treatment needed to be "[r]equired to meet the essential health needs of [Matthew B.]" and "[r]endered in the least intensive setting that is appropriate for the delivery of health care." Rec. 332. There is sufficient evidence in the record of improvement and stabilization in Matthew B.'s situation for Cigna to reasonably conclude that Matthew B.'s treatment could be continued in a less intensive setting.

---

[4] *See* Reply Mem. in Supp. of Pls.' Mot. for Summ. J., filed March 2, 2017 (CM/ECF No. 27) at 2.

[5] *Hancock v. Metro. Life Ins. Co.*, No. 2:06-CV-00882DAK, 2008 WL 2996723, at *7 (D. Utah Aug. 1, 2008) (footnote omitted) (quoting *Kimber v. Thiokol,* 196 F.3d 1092, 1098 (10th Cir.1999)), *aff'd,* 590 F.3d 1141 (10th Cir. 2009).

[6] *Id.*

## CONCLUSION

The court finds that Cigna's decision to deny coverage of Matthew B.'s residential treatment at Island View after March 6, 2013 was grounded on a sufficiently reasonable basis and therefore was not arbitrary and capricious. As such, Defendants' summary judgment motion is GRANTED.

Let judgment be entered accordingly.

DATED this 3rd day of April, 2017.

Bruce S. Jenkins
United States Senior District Judge